IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KWAME AMPONSAH<br>1335 Emerald St., NE<br>Washington, DC 20002 | : <br> : <br> : <br> : | |
| DIANE L. WEBB<br>1335 Emerald St., NE<br>Washington, DC 20002 | : <br> : <br> : <br> : | |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | Civil Action No. _____ |
| KIRSTJEN NIELSEN, as Secretary of the<br>U.S. Department of Homeland Security,<br>U.S. Department of Homeland Security<br>Office of General Counsel<br>Washington, D.C. 20528 | : <br> : <br> : <br> : <br> : <br> : | COMPLAINT FOR<br>WRIT IN THE NATURE<br>OF MANDAMUS |
| L. FRANCIS CISSNA, as Director of the<br>U.S. Citizenship & Immigration Services,<br>U.S. Citizenship & Immigration Services<br>20 Massachusetts Ave., NW<br>Washington D.C. 20529 | : <br> : <br> : <br> : <br> : <br> : | |
| SARAH TAYLOR, Director<br>Washington District Office<br>U.S. Citizenship &Immigration Services<br>2675 Prosperity Ave.<br>Fairfax, VA 20598-2440 | : <br> : <br> : <br> : <br> : <br> : | |
| Defendants | : | |

1

## PLAINTIFFS' COMPLAINT FOR WRIT
## IN THE NATURE OF MANDAMUS

COME NOW Plaintiffs Kwame Amponsah and Diane L. Webb, by and through their Counsel Kim-Bun Thomas Li, and file this complaint for a writ of mandamus.

1. This action is brought against the Defendants to compel action on an Alien Relative Petition properly filed by Plaintiff Diane L. Webb on behalf of Plaintiff Kwame Amponsah, and an application for Adjustment of Status filed by Plaintiff Kwame Amponsah. The petition, and application were filed and remain the jurisdiction of the Defendants, who have improperly withheld action on said application and petition to Plaintiffs' detriment.

### I. JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 USC Section 1331 and Section 1361, regarding an action to compel an officer of the United States to perform his duty; and 5 U.S.C. Section 701 et. seq., the Administrative Procedures Act; and 28 U.S.C. Section 2201, et seq., the Declaratory Judgment Act. 8 USC Section 1329, of the Immigration and Nationality Act (hereinafter referred to as "INA"), providing jurisdiction of this Court over actions arising under said Act.

## II. VENUE

3. 28 U.S.C. Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides, or the plaintiff resides if no real property is involved in the action. Defendants, Department of Homeland Security, et al., are agencies that operate within the District of Columbia. Additionally, the Plaintiffs are residents of the District of Columbia and this action does not involve any real property. This Court is the proper venue for the action.

## III. PLAINTIFFS

4. Plaintiff Diane L. Webb is a citizen of the United States. Plaintiff Kwame Amponsah is a citizen of Ghana. Plaintiffs Kwame Amponsah and Diane L. Webb are husband and wife. They are residing at 1335 Emerald St., NE, Washington DC 20002. Pursuant to INA §204(a)(1)(A)(i), Plaintiff Diane L. Webb filed an I-130 Petition for her husband to be a permanent resident. Plaintiff Kwame Amponsah also filed an I-485 Application for Adjustment of Status. The I-130 Petition and the I-485 Application were filed concurrently on or about July 19, 2009. The Plaintiffs'

petition and application were withheld without a final decision for years. Plaintiffs filed a Writ of Mandamus to this Honorable Court in March of 2015. Defendants immediately took action to adjudicate the petition and the application in 2015. But after Plaintiffs withdrew the 2015 Mandamus Complaint, the Defendants arbitrarily denied Plaintiff Kwame Amponsah's adjustment application. Although the Defendants ceased to revoke Plaintiff Diane L. Webb's previously approved petition, it indicates it preserved their rights to do so in the future. In response, Plaintiff Kwame Amponsah timely filed a motion to reconsider. The Defendants granted the motion and resumed adjudication of the Plaintiff Kwame Amponsah's adjustment of status application on November 10, 2016. Defendants requested additional evidence. Plaintiff Kwame Amponsah provided the requested evidence on January 23, 2017.

## IV. DEFENDANTS

5. Defendant, the Department of Homeland Security, is a Federal agency that is mandated under the law through its Secretary to supervise, implement, and enforce the INA, including immigrant visa petitions for immediate relatives by U.S. citizens, and adjustment applications for beneficiaries of immigrant visa petitions. Defendant Kirstjen Nielsen is the Secretary of the U.S. Department of Homeland Security. This

action is brought against her in her official capacity. She is generally charged with enforcement of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 U.S.C. Section 1103(a). Moreover, the Secretary is responsible for adjudication of an I-130 petition filed pursuant to Section 204(a) of the INA. 8 U.S.C. Section 1154, and an I-485 application filed pursuant to Section 245 of the INA. 8 U.S.C. Section 1255. The USCIS is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

6. Defendant L. Francis Cissna is the Director of the USCIS who is in-charge of the enforcement of the INA and Defendant District Director Sarah Taylor, is an official of the USCIS generally charged with supervisory authority over all operations of the USCIS Washington District Office, which has jurisdiction over an I-130 petition filed by a U.S. citizen and an I-485 filed by an alien concurrently with the I-130 petition. 8 C.F.R. Section 103.2(b). As will be shown, Defendant Washington District Director is the official in charge of the office with which Plaintiffs' I-130 petition and I-485 application are currently pending.

## V. EXHAUSTION OF REMEDIES

7. Plaintiffs have exhausted their administrative remedies. Plaintiffs have, by and through themselves and their counsel, made numerous inquiries in the last nine years concerning the status of the petition and the application to no avail. Their attorney also personally inquired about Plaintiff's I-485 Adjustment Application as late as November of 2017. As of to date, no answer was given other than the petition could still be revoked and adjustment application is still under review.

## VI. CAUSE OF ACTION

8. Plaintiffs properly filed an I-130 Petition for Alien Relative and an I-485 Application for Adjustment of Status pursuant to INA Section 204(a)(1)(A)(i) and Section 245(a) along with supporting documents to the USCIS on July 19, 2009. The normal adjudication period for a family based I-130 petition and an I-485 application filed concurrently by a U.S. citizen and his or her spouse is about 9 to 20 months at the Washington District Office.  Nevertheless, after attending four interviews, the last of which was held on July 16, 2015, at the Washington District Office; and despite the fact that the Plaintiffs had last submitted their requested documentation in January of 2017, adjustment application of Plaintiff Kwame Amponsah is still pending with the Washington District Office.

9. From 2009 to 2018, Plaintiffs and their counsel called and visited the USCIS via INFOPASS many times to check on the status of their petition and application. Each time, they were told by Defendants that although the petition was approved with reservation, the application was still pending. Despite the fact that the USCIS had responded to the first Writ of Mandamus filed by the Plaintiffs to this Honorable Court in March of 2015 by conducting the last interview on July 16, 2015, and despite the Defendants' November 10, 2016 notice to Plaintiffs that they had resumed adjudication of the I-485 application, the Defendants are still unable to make its final decision as of to date.

10. Plaintiffs have been greatly damaged by the failure of the Defendants to act in accordance with their duties under the law. Specifically, Plaintiff Kwame Amponsah suffered prolonged separation from his seriously sick father in Ghana. The Plaintiffs were not able to take any overseas trip together due to the immigration status of Plaintiff Kwame Amponsah. Also because of his lack of a permanent status, Plaintiff Kwame Amponsah is unable to get a better paid job. The Plaintiffs suffer emotional distress after being required to attend four interviews, filed a motion to reopen and be subject to false allegations that he committed fraud. Although the alleged fraud

charges were rebutted by DNA test results conducted by professionals designated by the Defendants, the failure of the Defendants to immediately adjudicate and approve Plaintiff Kwame Amponsah's application has added to the already mental suffering the Plaintiffs are facing.

Accordingly, Plaintiffs have sustained damages to their finance and emotion due to the unreasonable delay in adjudicating Plaintiffs' petition and application.

The Defendants have failed to properly adjudicate the petition and the application. They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiffs' petition and application after the Plaintiffs had submitted a properly executed I-130 petition and I-485 application as well as duly appeared in interviews and responded to any notice or request from the Defendants. It has been more than 9 years since the Plaintiffs filed their I-130 petition and I-485 application.

VII. PRAYER

WHEREFORE, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(1)	requiring Defendants to immediately adjudicate Plaintiffs' I-485 application;

and

(2)	granting such other relief at law and in equality as justice may require.

Respectfully submitted:

/s/ Kim-Bun Thomas Li
Kim-Bun Thomas Li, Esq.
Counsel for Plaintiffs
Li, Latsey and Guiterman, PLLC
451 Hungerford Drive, Suite 218
Rockville, MD 20850
Tel: (301) 340-8688
Fax: (301) 340-8304
D.C. U.S. District Court No.: 463849

List of Attachments

| Exhibits | | Page |
|---|---|---|
| A | USCIS Receipt Notice | p. 1 |
| B | Defendants' Notice of Resuming Adjudication of the Plaintiff Kwame Amponsah's adjustment of status application dated November 10, 2016 | p. 2 |
| C | Cover Letter of Plaintiff Kwame Amponsah's Response to Defendants' Request for Additional Evidence in January of 2017 | p. 5 |
| D | Evidence of Plaintiffs' Inquiry with the Defendants on November 22 of 2017 | p. 7 |
| E | Processing time for I-485 Adjustment Application at the Washington District Office | p. 8 |